# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CARLSON PET PRODUCTS, INC.** | : | |
| 3200 Corporate Center Drive, Suite 105 | : | |
| Burnsville, MN 55306 | : | |
| | : | |
| *Plaintiff*, | : | Civil Action No. |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| JOHN DOES 1-10, | : | |
| | : | |
| *Defendants*. | : | |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW, the plaintiff, Carlson Pet Products, Inc., ("Carlson" or "Plaintiff"), by and through its undersigned counsel, and for its Complaint in this action against the seller doing business as "Cumbor" on Amazon.com ("John Doe Entity 1" or "Cumbor") and its agents assisting in Cumbor's infringement ("John Doe Entities 2-10") (collectively "Defendants")

## JURISDICTION AND VENUE

1.  This is a claim for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code §§ 1 *et seq*.

2.  This Court has subject matter jurisdiction based upon Title 28, U.S.C. §§ 1331 & 1338(a).

3.  This Court has personal jurisdiction over Defendants at least because, upon information and belief, Defendants have had substantial, continuing, and on-going

contacts with this State and judicial district, and Defendants have sold and continue to sell into this State and judicial district the products at issue in this case.

4.  Venue is proper in this judicial district pursuant to Title 28, U.S.C. §§ 1391(b) & (c), as well as 28 U.S.C. § 1400(b) in that, upon information and belief, acts of patent infringement are occurring within this judicial district, and Defendants are subject to personal jurisdiction in this District.

5.  To the extent John Does 1-10 are foreign entities, venue is established under Title 28, U.S.C. §1391(c)(3).

## THE PARTIES

6.  Plaintiff Carlson is a corporation duly organized under the laws of Minnesota with a principal place of business at 3200 Corporate Center Drive, Suite 105, Burnsville, MN 55306.

7.  Carlson is in the business of developing, selling, and marketing pet products, including gates, crates, beds, and pet pens.

8.  Upon information and belief, John Doe Entity 1 is an Amazon seller operating under the name "Cumbor."

9.  Upon information and belief, John Doe Entities 2-10 are additional entities assisting or working in concert with Cumbor in making, importing, using, selling, and offering for sale, the accused products.

10. At this time, the names and addresses of John Doe Entities 1-10 could not be discovered through reasonable effort. When the true names and addresses are discovered, upon leave of this Court, they will be added into the Complaint by amendment.

### The Asserted Patents

11. On May 28, 2013, United States Patent No. 8,448,381 B2, entitled Small Gate Within Big Gate Within Barrier was duly and legally issued to Mark A. Flannery and is assigned to Plaintiff Carlson (the "'381 patent"). A copy of the '381 patent is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

12. On October 4, 2016, United States Patent No. 9,458,668, entitled Small Gate Within Big Gate Within Barrier was duly and legally issued to Mark A. Flannery and is assigned to Plaintiff Carlson (the "'668 patent"). A copy of the '668 patent is attached hereto as Exhibit B and is incorporated by reference as if fully set forth herein.

13. On February 20, 2019, claims 1-4 of the '381 Patent were confirmed patentable by the U.S. Patent and Trademark Office in reexamination proceeding 90/014,068. A copy of the reexamination certificate for reexamination proceeding 90/014,068 is included in Exhibit A.

14. On March 4, 2019, claims 1-11 of the '668 Patent were confirmed patentable, and additional claim 12 was issued, by the U.S. Patent and Trademark Office in reexamination proceeding 90/014,069. A copy of the reexamination certificate for reexamination proceeding 90/014,069 is included in Exhibit B.

15. The '381 and '668 patents disclose and claim novel and significant

improvements in residential gates that include a smaller gate within a big gate and related technologies.

16.     Carlson has complied with the notice provisions of 35 U.S.C. § 287 by steps including marking the patent numbers upon its products and, as such, at all relevant times, Defendants have had actual or constructive knowledge of the patents.

17.     Since at least 2013, Carlson has sold products embodying the '381 patent, which have been marked with the '381 patent.

18.     Since at least 2016, Carlson has sold products embodying the '668 patent, which have been marked with the '668 patent.

### Infringement by Cumbor

19.     Amazon.com offers a "Store" service that enables third party sellers to sell products to customers through Amazon listings. These third-party sellers are identified only by a seller identifier. Unless disclosed by the seller, the actual corporate identities of these third-party sellers are hidden.

20.     A seller operating as "Cumbor" maintains a store on Amazon.com from which it sells Cumbor-branded products to consumers.

21.     The Cumbor Amazon.com store sells a "Cumbor Auto Close Safety Baby Gate, Easy Open Extra Tall Thru Gate with Pet Door" (the "Cumbor Pet Gate"), which is covered by one or more of the claims of each of the '381 and '668 patents. A copy of an Amazon.com order page for the Cumbor Pet Gate is attached as Exhibit C.

22. On November 27, 2018, Carlson utilized Amazon.com's internal complaint mechanism to notify a Cumbor representative named "Green Li" that the Cumbor Pet Gates infringed the '381 patent. This correspondence is attached as Exhibit D.

23. On November 28, 2018, Mr. Li responded from the email address "ups@cumbor.cn" denying infringement and provided contact information for its lawyer "Robert Smith." Exhibit D.

24. On December 7, 2018, counsel for Carlson sent a letter attached as Exhibit E notifying "Robert Smith" that the Cumbor Pet Gates infringed the '381 and '668 patents. To date, neither "Robert Smith," nor any other person has responded to the December 7, 2018 letter.

25. On February 7, 2019 counsel for Carlson sent a second letter, attached as Exhibit F, to "Robert Smith" again notifying Mr. Smith again of infringement by the Cumbor Pet Gates.  To date, neither Mr. Smith, nor any other person, has responded to the February 7, 2019 letter.

26. Cumbor's sales page for the Cumbor Pet Gates indicates that the Cumbor Pet Gates are eligible for two day shipping to addresses within the United States.

27. Based on this shipment time and information and belief, these Cumbor Pet Gates are shipped from the United States to customers by additional entities in the United States who, acting in concert with or as agents of Cumbor, participate in making, using, importing, offering for sale, or selling the Cumbor Gates.

28. Accordingly, based on information and belief, John Doe Entities 2-10 include

additional entities, acting in concert with or as agents of Cumbor, that participate in making, using, importing, offering for sale, or selling the Cumbor Pet Gates.

### **Carlson's Diligent Attempts to Identify John Doe Entities 1-10**

29.     Carlson has engaged in diligent efforts to obtain additional information about the identities of John Doe Entities 1-10.

30.     Carlson has repeatedly requested information from Amazon.com regarding the seller identifying itself as Cumbor. To date, Carlson has been unable to obtain this information.

31.     Carlson has conducted corporation searches for "Cumbor." Despite those efforts, Carlson has been unable to ascertain any additional information regarding the identity of the seller operating as Cumbor.

32.     To date, Carlson has been unable to find any Internet presence for Cumbor that discloses additional information about its corporate identity.

33.     Carlson has been unable to identify the true identities of "Green Li" or "Robert Smith."

34.     Carlson has conducted Internet searches, using the email addresses of "Green Li" and "Robert Smith" as search terms, and has been unable to find any evidence regarding their identities.

35. Carlson performed a "Whois" search for the "cumbor.cn" domain in Mr. Li's email address and has been unable to obtain information about the identity of the party operating as Cumbor.

36. Carlson ordered a Cumbor Pet Gate from Amazon.com. The package did not include a return address. Moreover the materials within the Cumbor Pet Gate packaging did not include information identifying the origins of the Cumbor Pet Gates.

37. Upon information and belief, as well as the foregoing allegations in this Complaint concerning Carlson's efforts to identify John Doe Entities 1-10, Cumbor has taken deliberate steps to hide its identity.

38. Absent additional information about Cumbor's true identity, Carlson is also unable to determine the identities of John Does 2-10.

## COUNT I
## PATENT INFRINGEMENT BY DEFENDANTS OF
## U.S. PATENT NO. 8,448,381

39. Carlson incorporates by reference the allegations set forth in Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

40. Acts which constitute direct infringement of some or all of the claims of the '381 patent are taking place in the United States including, but not limited to, upon information and belief, within this judicial district.

41. Defendants are in the business of offering for sale, assembling, having assembled, marketing, distributing or selling residential gates that include a smaller gate within a big gate, including the Cumbor Pet Gates.  Upon information and belief,

Defendants conduct such activities throughout the United States including, but not limited to, sales within this judicial district. The Cumbor Pet Gates sold, marketed, distributed, or assembled by Defendants are covered by the claims of the '381 patent.

42. Upon information and belief, Defendants acting alone or with others, are, and have been, directly infringing the claims of the '381 patent, in violation of 35 U.S.C. § 271(a) through their continued assembly, importation, use, offers to sell, or sales of the Cumbor Pet Gates within the United States without license from Plaintiff as the Cumbor Pet Gates fall within the scope of the claims of the '381 patent. Attached hereto as Exhibit G is a claim chart which illustrates at least one set of structures that include every element of exemplary independent claim 1 of the '381 patent, that are found in at least the Cumbor Pet Gates.

43. As set forth above, since at least December 7, 2018, Defendants have had actual knowledge of the '381 patent and Carlson's allegations concerning Defendants' products practicing the '381 patent. Upon information and belief, Defendants have known or been willfully blind to the fact that the Cumbor Pet Gates infringe the '381 patent.

44. Upon information and belief, Defendants acting alone, or with others, including, but not limited to, their agents and subsidiaries, induced infringement of the '381 patent under 35 U.S.C. § 271(b) by intentionally encouraging, contributing, or otherwise directing others—including but not limited to their customers and resellers—within the United States to make, sell, offer for sale, assemble, import or use at least the Cumbor Pet

Gates, which fall within the scope of the claims of the '381 patent.  As set forth above Defendants have had actual knowledge of the '381 patent and have had actual knowledge or were willfully blind to the fact that at least the Cumbor Pet Gates infringe the claims of the '381 patent.  By continuing the actions described herein—namely, encouraging, contributing, or otherwise directing their customers and resellers to continue to make, use, sell, import, or assemble products including the Cumbor Pet Gates—Defendants have had specific intent to induce infringement of the claims of the '381 patent pursuant to 35 U.S.C. § 271(b).

45.     Upon information and belief, Defendants acting alone or with others, including, but not limited to, their agents and subsidiaries, have committed contributory infringement of the claims of the '381 patent under 35 U.S.C. § 271(c) by knowingly selling products within the United States, including the Cumbor Pet Gates, that are material parts of the invention of the '381 patent, especially adapted for use in infringement of the claims of the '381 patent and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Because the Cumbor Pet Gates infringe the claims of the '381 patent, the Cumbor Pet Gates have no substantial noninfringing use.  Therefore, the Cumbor Pet Gates are not a staple article or commodity of commerce suitable for substantial noninfringing use. As set forth above Defendants have had actual knowledge of the '381 patent and have had actual knowledge or were willfully blind to the fact that the Cumbor Pet Gates infringe the claims of the '381 patent.  Accordingly, Defendants knew that the Cumbor Pet Gates were especially made

or adapted for infringement.  Thus, by knowingly continuing the actions described herein, Defendants have committed contributory infringement of the claims of the '381 patent, pursuant to 35 U.S.C. § 271(c).

46. Defendants' infringement of the claims of the '381 patent has been and continues to be willful, deliberate, and egregious, justifying a trebling of damages under 35 U.S.C. § 284.  Upon information and belief, Defendants' actions continued despite an objectively high likelihood that they constitute infringement of the claims of '381 patent. Additionally, Defendants either knew or should have known about their risk of infringing the claims of the '381 patent.  Defendants' conduct, despite this knowledge, is made with both objective and subjective reckless disregard for the infringing nature of their activities.

47. Defendants' infringement of the claims of the '381 patent has deprived Carlson of revenues which it otherwise would have made or caused to be made, and has in other respects injured Carlson and will cause Carlson added injury and loss of revenues unless preliminarily or permanently enjoined by this Court.

48. Carlson has been irreparably harmed by virtue of Defendants' infringement of the claims of the '381 patent.

49. Defendants' infringement of the claims of the '381 patent will continue unless enjoined by this Court.

## COUNT II
## PATENT INFRINGEMENT BY DEFENDANTS OF
## U.S. PATENT NO. 9,458,668

50.     Carlson incorporates by reference the allegations set forth in Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

51.     Acts which constitute direct infringement of some or all of the claims of the '668 patent are taking place in the United States including, but not limited to, upon information and belief, within this judicial district.

52.      Upon information and belief, Defendants conduct such activities throughout the United States including, but not limited to, sales within this judicial district.  The Cumbor Pet Gates, sold, marketed, distributed, or assembled by Defendants, are covered by the claims of the '668 patent.

53.     Upon information and belief, Defendants acting alone or with others, have, and have been, directly infringing the claims of the '668 patent, in violation of 35 U.S.C. § 271(a) through their continued assembly, importation, use, offers to sell, or sales of the Cumbor Pet Gates within the United States without license from Plaintiff as the Cumbor Pet Gates fall within the scope of the claims of the '668 patent.  Attached hereto as Exhibit H is a claim chart which illustrates at least one set of structures that include every element of exemplary independent claim 1of the '668 patent, that are found in at least the Cumbor Pet Gates.

54.     As set forth above, since at least December 7, 2018, Defendants have had actual

knowledge of the '668 patent and Carlson's allegations concerning Defendants' products, practicing the '668 patent. Upon information and belief, Defendants have known or been willfully blind to the fact that the Cumbor Pet Gates infringe the claims of the '668 patent.

55. Upon information and belief, Defendants acting alone, or with others, including, but not limited to, their agents and subsidiaries, induced infringement of the claims of the '668 patent under 35 U.S.C. § 271(b) by intentionally encouraging, contributing, or otherwise directing others—including but not limited to their customers and resellers—within the United States to make, sell, offer for sale, assemble, import or use the Cumbor Pet Gates, which fall within the scope of the claims of the '668 patent. As set forth above, Defendants have had actual knowledge of the '668 patent and have had actual knowledge or were willfully blind to the fact that the Cumbor Pet Gates infringe the claims of the '668 patent. By continuing the actions described herein—namely, encouraging, contributing, or otherwise directing their customers and resellers to continue to make, use, sell, import, or assemble the Cumbor Pet Gates —Defendants have had specific intent to induce infringement of the claims of the '668 patent pursuant to 35 U.S.C. § 271(b).

56. Upon information and belief, Defendants acting alone or with others, including, but not limited to, their agents and subsidiaries, have committed contributory infringement of the claims of the '668 patent under 35 U.S.C. § 271(c) by knowingly

selling products within the United States, including the Cumbor Pet Gates, that are material parts of the invention of the '668 patent, especially adapted for use in infringement of the claims of the '668 patent and not a staple article or commodity of commerce suitable for substantial noninfringing use. Because the Cumbor Pet Gates infringe the claims of the '668 patent, the Cumbor Pet Gates have no substantial noninfringing use. Therefore, the Cumbor Pet Gates are not a staple article or commodity of commerce suitable for substantial noninfringing use. As set forth above, Defendants have had actual knowledge of the '668 patent and have had actual knowledge or were willfully blind to the fact that the Cumbor Pet Gates infringe the claims of the '668 patent. Accordingly, Defendants knew that the Cumbor Pet Gates were especially made or adapted for infringement. Thus, by knowingly continuing the actions described in this paragraph, Defendants have committed contributory infringement of the claims of the '668 patent, pursuant to 35 U.S.C. § 271(c).

57.     Defendants' infringement of the claims of the '668 patent has been and continue to be willful, deliberate, and egregious, justifying a trebling of damages under 35 U.S.C. § 284. Upon information and belief, Defendants' actions continued despite an objectively high likelihood that they constitute infringement of the claims of the '668 patent. Additionally, Defendants either knew or should have known about their risk of infringing the claims of the '668 patent. Defendants conduct despite this knowledge is made with both objective and subjective reckless disregard for the infringing nature of their activities.

58.     Defendants' infringement of the claims of the '668 patent has deprived Carlson of revenues which it otherwise would have made or caused to be made, and has in other respects injured Carlson and will cause Carlson added injury and loss of revenues unless preliminarily or permanently enjoined by this Court.

59.     Carlson has been irreparably harmed by virtue of Defendants' infringement of the claims of the '668 patent.

60.     Defendants' infringement of the claims of the '668 patent will continue unless enjoined by this Court.

**WHEREFORE**, Carlson, prays for judgement in its favor as against Defendants, and any subsidiaries thereof acting in concert with Defendants or on their behalf or as their agents, and requests that this Court:

A.      Enter a finding and a judgment in favor of Carlson and against Defendants for patent infringement and award to Carlson damages in an amount to be ascertained and in an amount adequate to compensate Carlson for Defendants' infringement including, but not limited to, lost profits, but in no event less than a reasonable royalty, for the use made of the invention by Defendants, such amount being increased three times, together with prejudgment and post-judgment interest and costs as fixed by the Court, as provided by 35 U.S.C. § 284;

B.  Enter a preliminary and permanent injunction against further and continued infringement of the claims of the '381 and '668 Patents by the Defendants as provided by 35 U.S.C. § 283;

C.  Declare that this case is exceptional and award Carlson its reasonable attorneys' fees as the prevailing party, as provided by 35 U.S.C. § 285; and

D.  Grant Carlson such other and further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: March 4, 2019

Respectfully submitted,

**Of Counsel**

By: *Patricia S Rogowski*
Rogowski Law LLC

**ICE MILLER LLP**
Frederick A. Tecce, Esq.
Bryon Wasserman
1735 Market Street, Suite 3450
Philadelphia, PA 19103
(215) 377-5031
(215) 377-5032 (fax)
Fred.Tecce@icemiller.com
Bryon.Wasserman@icemiller.com

Patricia Smink Rogowski (Bar ID No. 2632)
501 Silverside Road, Suite 11
Silverside Carr Executive Center
Wilmington, DE 19809
(302) 893-0048
pat@rogowskilaw.com

*Attorneys for Plaintiff,*
*Carlson Pet Products, Inc.*