

**Rogowski Law** LLC

Patricia Smink Rogowski
pat@rogowskilaw.com
(302) 893-0048

March 26, 2019

**By ECF**
Hon. Maryellen Noreika
District of Delaware
844 North King Street
Wilmington, DE  19801

    Re:    Carlson Pet Products, Inc. v. John Does 1-10,
             C.A. No. 19-cv-00449-MN (D. Delaware)
             <u>File ref.:  1061-0001</u>

Dear Judge Noreika:

     Plaintiff, Carlson Pet Products, Inc. ("Carlson") respectfully requests that the Court grant Carlson leave to take early discovery prior to the Rule 26(f) Conference for the purpose of identifying John Doe Entities 1-10.  The accused infringers have taken substantial steps to avoid being identified and served with process.  Despite Carlson's diligent efforts, Carlson has been unable to ascertain the true identities of the parties currently selling infringing pet gates on Amazon.com.  Accordingly, good cause exists to subpoena Amazon.com to obtain the identities of John Doe Entities 1-10.

    **Background**

     Carlson owns U.S. Patent Nos. 8,448,381 (the '381 patent") and 9,458,668 (the "'668 patent"), which are directed to child and pet safety gates having a second, smaller pet door.  Patentability of all claims of both of these patents was recently confirmed by reexamination. (D.I. 1-1 at 11, D.I. 1-2 at 13).  Since approximately July 2018, a party identifying itself only as "Cumbor" (John Doe Entity 1) has been selling through Amazon.com the "Cumbor Auto Close Safety Baby Gate, Easy Open Extra Tall Thru Gate with Pet Door" (the "Cumbor  Pet Gate"). (D.I. 1-3).  This gate is nearly identical to Carlson's patented products.  (Ex. A hereto, D.I. 1-7 at 2).  Cumbor, as a third party seller operating through Amazon Marketplace, is identified only by its seller name, with its actual corporate identity hidden.

     On November 27, 2018, through Amazon.com's internal complaint mechanism, Carlson tried to notify a Cumbor representative that the Cumbor Pet Gates infringed the '381 patent. D.I. 1-4 at 4.  Shortly afterwards, a purported Cumbor representative responded by electronic mail, denying infringement and provided a Gmail address for its

purported counsel ("Robert Smith"). (D.I. 1-4 at 2-3). Carlson's multiple attempts to contact Cumbor's counsel regarding Cumbor's infringement have been ignored. (D.I. 1-5; D.I 1-6).

On March 5, 2019 Carlson filed its complaint for infringement (D.I. 1) against John Doe defendants operating as Cumbor (John Doe Entity 1) and additional entities acting in concert with Cumbor or on Cumbor's behalf to ship and sell Cumbor's products (John Doe Entities 2-10). Carlson sent copies of the Complaint as filed to the email addresses of both the Cumbor representative and its purported identified counsel. Ex. B, Ex. C hereto. Carlson requested that Cumbor's purported counsel accept service of the Complaint. However, neither Cumbor, nor its counsel has responded.

Carlson has repeatedly requested information from Amazon.com regarding the seller identifying itself as Cumbor, but to date Amazon has not provided this information. Ex. D, Ex. E, Ex. F, Ex. G hereto.

Carlson has conducted Internet searches and searches of electronic corporation directories for "Cumbor." Carlson has conducted internet searches based both the provided names and email addresses of Cumbor's agent and attorney. Carlson performed a "Whois" search for the "cumbor.cn" domain in the Cumbor representative's email address. None of these efforts have revealed the corporate identity of Cumbor or the parties acting on its behalf.

In a further attempt to ascertain Cumbor's true identity, Carlson ordered a Cumbor Pet Gate from Amazon.com. The only return address on the package was for an Amazon fulfillment center. Ex. H hereto. Moreover, the materials within the Cumbor Pet Gate packaging did not include information identifying the origins of the Cumbor Pet Gate. Ex. I hereto. When Carlson attempted to make a service request and order replacement parts, these communications also yielded no information about Cumbor's actual address or identity.

Cumbor's lack of a visible corporate identity, its use of untraceable contact information, its sale of products without any indicia of origin, and its refusal to respond to Carlson's communications are consistent with a party that has taken deliberate steps to obscure its identity and avoid process in the United States.

The evidence also suggests that Cumbor is being aided by additional parties in the United States. Cumbor's only contact information is from a ".cn" (Chinese) domain. (D.I 1-4 at 2-3) . Yet, Cumbor's Amazon.com sales page indicates that it can ship products to US customers in two days. D.I. 1-3. Accordingly, additional parties (John Doe Entities 2-10) are likely assisting Cumbor by importing the infringing products into the United States, shipping those products across the country, and otherwise aiding in Cumbor's sales. Without knowing Cumbor's identity, or obtaining discovery from Amazon.com, Carlson cannot identify John Doe Entities 2-10.

### The Court has Good Cause to Allow Early Discovery of John Doe Entities 1-10

Carlson requests leave to issue a subpoena duces tecum to Amazon.com seeking documents and testimony regarding: (A) the identity of the seller identifying itself as Cumbor; and (B) the identity of any parties aiding or working with Cumbor to import and sell the Cumbor Pet Gates in the United States.

This Court has discretion to order early discovery under its inherent authority to "manage the discovery process, and can expedite or otherwise alter the timing and sequence of discovery." *Vision Films, Inc. v. John Does 1-24*, 2013 WL 1163988, at *2 (D. Del. Mar. 20, 2013) (quoting Fed. R. Civ. P. 26(d)(1)). "[T]his Court has previously held that a "good cause" standard should apply—one requiring the party seeking discovery to demonstrate that its request is 'reasonable' in light of the relevant circumstances." *Reybold Grp. of Companies, Inc. v. Does* 1-20, 323 F.R.D. 205, 208 (D. Del. 2017).

Numerous courts have found good cause when, as here, the plaintiff seeks expedited discovery from a third party market platform to identify the defendant. *United Pet Grp., Inc. v. Does, No.* 4:13-01053, 2013 WL 4482917, at *1 (E.D. Mo. Aug. 20, 2013) (granting motion for expedited discovery to subpoena Amazon.com for identities of Doe defendants infringing plaintiff's trademarks for FURminator pet products); *Nat'l Prod., Inc. v. Does 1-4*, No. 16-0702, 2016 WL 2989971, at *2 (W.D. Wash. May 23, 2016) (permitting expedited discovery of Amazon.com to learn identify of sellers); *Ubervita, LLC vs. John Does* 1-10, No. 14-996, D.I. 4 (W.D. Wash. Jul. 9, 2014) (allowing plaintiff to subpoena Amazon.com to obtain identity of defendants); *PetEdge Inc. v. John Doe,* No. 1:17-CV-10148, D.I. 8 and 9 (D. Mass. March 28, 2017) (granting expedited discovery to identify infringing Amazon.com sellers).

This Court has found good cause to allow discovery before the Rule 26 conference, when, as here, such discovery is necessary to identify and serve the appropriate defendants. *See Strike Three Holdings LLC v. Doe,* 2018 WL 5024168 at *2 (D. Del. October 17, 2018) citing *Reybold Grp. of Companies, Inc.* 323 F.R.D. at 208 (allowing expedited discovery of John Doe defendants). *See also Vision Films, Inc.* 2013 WL 1163988, at *3, *4 (D. Del. Mar. 20, 2013). In doing so, the Court has relied in part on whether the plaintiff has made a showing of infringement and whether the discovery is necessary to identify the defendants. *See Strike Three Holdings* 2018 WL 5024168 at *1, *2.[1]

Similarly, as documented above, Carlson has engaged in diligent and extensive efforts to identify the infringing sellers without success. Despite repeated requests, Amazon.com has not provided Carlson with the identities of Cumbor and other parties involved in Cumbor's infringement. Courts have repeatedly relied upon inability to obtain information voluntarily from Amazon.com as a basis for providing early discovery. *See, e.g.*,

---

[1] Carlson filed with its Complaint detailed claim charts showing how the claims of the '381 and '668 patents have been infringed, thus establishing a *prima facie* case of infringement. (D.I. 1-7, D.I. 1-8). The validity of these claims was recently confirmed in reexamination. (D.I. 1-1 at 11, D.I. 1-2 at 13).

*Nat'l Prod.*, 2016 WL 2989971, at *2 (over "weeks and months . . . [plaintiff] attempted without success, through phone calls and emails, to obtain the true identities of John Does 1-4 from Amazon.com's counsel"); *United Pet Grp., Inc.* 2013 WL 4482917, at *1 ("Amazon.com has refused to voluntarily provide additional information to permit Plaintiff to identify the Defendants").

Similarly, as set forth above, Carlson has engaged in extensive additional efforts to identify the John Doe defendants in this case, including: (A) searches of corporate directories for "Cumbor;" (B) electronic searches based on the provided names and email addresses of Cumbor's contacts; (C) ordering and examining the infringing product for indications of origin in the packaging and manuals; and (D) repeatedly contacting Cumbor and its purported counsel directly through e-mail contacts provided to Carlson by Cumbor. Because of what appear to be deliberate efforts by Cumbor to obscure its identity, none of these efforts have been successful in ascertaining the real identity of Cumbor (John Doe Entity 1) and the real identities of the other John Doe entities (John Doe Entities 2-10).

No party is prejudiced by this limited discovery. Amazon.com, the target of the discovery, has the protections of Fed.R.Civ.P. 45. Cumbor, and the parties participating in its infringement, will be identified, but otherwise not impacted. Carlson will notify Cumbor of the subpoena through the email addresses Cumbor has previously provided so that Cumbor can appear and seek to intervene if it so chooses.

Unless Carlson can obtain the information it seeks from Amazon, it will not be able to discover the identity of the John Doe Entities selling the infringing pet gates and will not able to serve its Complaint. While there is no prejudice to the John Doe entities merely to be identified, unless Carlson can serve its Complaint, it will continue to suffer irreparable harm as its exclusive rights are trampled by these bad-faith infringers.

Accordingly, for the reasons above, there is good cause to allow Carlson to serve discovery on Amazon.com for the purpose of identifying the entities infringing Carlson's patents.

Respectfully submitted,

Patricia S. Rogowski
Del. Bar. ID 2632
*Attorney for Plaintiff, Carlson Pet Products, Inc.*

Enclosure
    Exhibits A-I
    Proposed Form of Order

cc:    Frederick Tecce
       Bryon Wasserman

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CARLSON PET PRODUCTS, INC.,** | : | |
| | : | |
| *Plaintiff*, | : | C.A. No. 19-cv-00449-MN |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| **JOHN DOES 1-10,** | : | |
| | : | |
| *Defendants*. | : | |

## ORDER

The Court, having considered Carlson Pet Products, Inc.'s Letter Request for leave to take early discovery in the form of a subpoena duces tecum under Fed. R. Civ. P. 45 as to Amazon/Amazon.com, and good cause having been shown,

IT IS HEREBY ORDERED this _____ day of _____, 2019 that Plaintiff's Motion to issue a subpoena to Amazon/Amazon.com is GRANTED.

_____
United States District Judge