IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CARLSON PET PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 19-449 (MN) |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

WHEREAS, Plaintiff Carlson Pet Products, Inc. ("Plaintiff") alleges that it owns U.S. Patent Nos. 8,448,381 and 9,458,668 and that John Doe Entity 1 – a party identifying itself only as "Cumbor" – has been selling products ("Cumbor Pet Gates") that infringe those patents on Amazon.com[1] (*see generally* D.I. 1; *see also* D.I. 6 at 1);

WHEREAS, Plaintiff asserts that it has made diligent attempts to identify the infringing sellers and to contact Cumbor and its counsel regarding infringement but has been unsuccessful (D.I. 6 at 1-2, 5);

WHEREAS, Plaintiff has requested leave to conduct discovery prior to the Rule 26(f) conference in this case for the purpose of identifying John Doe Entities 1-10 (*see* D.I. 6);

WHEREAS, a request to conduct early discovery is governed by Rule 26(d)(1) of the Federal Rules of Civil Procedure, which provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation or by court order";

---

[1] Plaintiff asserts that Cumbor has been aided in potentially infringing activity by additional parties in the United States – *i.e.*, John Doe Entities 2-10. (D.I. 6 at 2).

WHEREAS, although it appears that the Third Circuit has not yet articulated a standard for evaluating requests for early or expedited discovery, courts in this District have required a party seeking such discovery to demonstrate good cause, which requires a showing that the request for discovery is reasonable in light of the circumstances – *i.e.*, the expedited and/or early discovery requested is not overbroad and the need for it outweighs the prejudice to the responding party (*see, e.g.*, *Williams v. Ocwen Loan Servicing, LLC*, No. 14-1096-LPS-CJB, 2015 WL 184024, at *2 (D. Del. Jan. 13, 2015); *Vision Films, Inc. v. John Does 1-24*, No. 12-1746-LPS-SRF, 2013 WL 1163988, at *3-4 (D. Del. Mar. 20, 2013); *see also United Pet Grp., Inc. v. Does*, No. 4:13CV01053 AGF, 2013 WL 4482917, at *1 (E.D. Mo. Aug. 20, 2013); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)); and

WHEREAS, Plaintiff has demonstrated the requested early discovery is reasonable in light of the circumstances – *i.e.*, Plaintiff has alleged a *prima facie* case of patent infringement against John Does 1-10 (*see, e.g.*, D.I. 1 ¶¶ 39-60; *id.*, Ex. G & H), Plaintiff has attempted to identify John Does 1-10 through several of its own means but has been unsuccessful and therefore cannot serve its Complaint on these individuals (D.I. 6 at 1-2, 5), and there appears to be no other way of ascertaining the identities of these individuals without Plaintiff's proposed third-party subpoena on Amazon/Amazon.com[2] (*see, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 18-895-LPS, 2018 WL 5024168, at *2 (D. Del. Oct. 17, 2018) (that Plaintiff cannot obtain identity of John Doe defendant without requested discovery weighs in favor of granting motion to serve third-party subpoenas before Rule 26(f) conference); *Vision Films*, 2013 WL 1163988, at *4 (plaintiff's inability to

---

[2] Given that the scope of the requested early discovery is narrowly tailored – a subpoena *duces tecum* seeking only the identities of Cumbor and the parties "aiding or working with Cumbor to import and sell" the accused products in the United States – there appears to be minimal prejudice to Amazon/Amazon.com in responding to the discovery.

2

identify John Doe defendants without third-party subpoenas on ISPs favored expedited discovery, particularly because complaint could not be served otherwise); *see also Arista Records, L.L.C. v. Does 1-54*, No. 4:08-1289 (CEJ), 2008 WL 4104563, at *1 (E.D. Mo. Aug. 29, 2008)).

THEREFORE, IT IS HEREBY ORDERED this 2nd day of April 2019 that Plaintiff's request for leave to conduct discovery prior to the Rule 26(f) conference is GRANTED. Plaintiff may immediately serve ONE subpoena *duces tecum* pursuant to Rule 45 on Amazon/Amazon.com seeking information limited to: (1) the identity of the seller identifying itself as Cumbor; and (2) the identity of any parties aiding or working with Cumbor to import and sell the Cumbor Pet Gates in the United States. IT IS FURTHER ORDERED that Plaintiff shall include a copy of this Order with any such subpoena served.

The Honorable Maryellen Noreika
United States District Judge